IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RENEE LEE MCLEAN,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF INTERIOR BUREAU OF INDIAN AFFAIRS, NORTHERN CHEYENNE TRIBE, LORI LIMBERHAND, and BRIAN CHESTNUT,<br><br>Defendants. | CV 13-00152-BLG-SEH-CSO<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On December 4, 2013, Plaintiff Renee McLean filed this action against the United States Department of Interior Bureau of Indian Affairs ("BIA"), the Northern Cheyenne Tribe ("the Tribe"), Lori Limberhand, and Brian Chestnut seeking damages arising out of criminal proceedings in tribal court. *ECF 1, 2*.

On April 22, 2014, this Court conducted a review of McLean's allegations pursuant to 28 U.S.C. § 1915(a) to determine if any claims

1

failed to state a claim upon which relief may be granted or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court found that McLean's Complaint was subject to dismissal for lack of subject matter jurisdiction, for failure to state a claim, and because the Tribe and its officials are entitled to sovereign immunity. She was granted an opportunity to amend. *ECF 5.*

McLean filed an Amended Complaint on May 22, 2014 naming only the United States, Brian Chestnut and his law firm, Ziontz, Chestnut, Varnell, Berley, and Slonim (hereinafter "Law Firm") as Defendants. *ECF 6.* Because the Amended Complaint supercedes all prior Complaints, the BIA, the Tribe and Lori Limberhand will be recommended for dismissal for the reasons set forth in the Court's April 22, 2014 Order. *ECF 5.*

The Amended Complaint fails to cure the deficiencies set forth in the prior Order. McLean has failed to state a claim against the United States and Brian Chestnut and his law firm are entitled to tribal sovereign immunity. This matter should be dismissed.

I. **SCREENING PER 28 U.S.C. § 1915(e)(2)**

The prescreening standard and factual allegations were set forth in detail in the Court's April 22, 2014 Order *(ECF 5)* and will not be restated herein. To the extent additional material facts were provided in the Amended Complaint, they will be discussed below.

A. **United States**

The Federal Tort Claims Act ("FTCA") provides the "exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States." *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998). There is a general waiver of sovereign immunity under the FTCA for suits for intentional torts such as false imprisonment, false arrest, and malicious prosecution if the conduct of "investigative or law enforcement officers of the United States Government" is involved. 28 U.S.C. § 2680(h). The only possible claims the Court can construe which may fall under the FTCA are McLean's allegations of false arrest by BIA officers. For purposes of this Order only, the Court will assume without deciding that McLean has satisfied the administrative claim requirements for bringing a claim under the Federal Tort Claims Act as required by 28 U.S.C. § 2675.

McLean's Amended Complaint clarifies that no criminal investigation was conducted by the BIA or BIA officers and no police officer sought a warrant for McLean's arrest. Rather, she alleges all warrants were obtained by prosecutors. *ECF 6–Amended Complaint at 15-16* ("[A]t no time did any police officer seek to obtain a warrant for my arrest from a Judge. All applications for arrest warrants came from the prosecutors...."). As such, no employee of the United States can be held liable for false arrest.

In addition, each time McLean was arrested it was pursuant to a judicial arrest warrant. *ECF 2–Complaint at 5; ECF 6–Amended Complaint at 10-13).* It is well-settled that a court's determination of probable cause is a complete defense to a claim of false arrest or imprisonment. There can be no claim for false arrest when the arrest is made pursuant to a warrant. *See Baker v. McCollan*, 443 U.S. 137, 143–44 (1979) (generally no constitutional violation occurs through arrest based on facially valid warrant); *Strung v. Anderson*, 529 P.2d 1380 (Mont. 1975)(police officer not liable for false arrest or imprisonment when he acts pursuant to a warrant that is valid on its

face). McLean makes no allegation that the warrants themselves were facially invalid or that any federal officer knew or should have known that the warrants may have been invalid. All claims for false arrest by BIA officers fail as a matter of law.

While McLean mentions claims of malicious prosecution (*ECF 2–Complaint at 9*), there is no allegation that federal officers pursued the prosecution of McLean.

The Court explained these pleading defects in its previous Order. *ECF 5 at 8-9.* Yet McLean's Amended Complaint did not significantly change the original allegations, except to name the United States instead of the individual officers. While the United States may be proper party under the FTCA, McLean has not cured the deficiencies regarding the failure to state a claim against the United States. McLean was provided an opportunity to cured these defects by amendment and failed to do so, therefore, the Court will recommend that these allegations be dismissed for failure to state a claim.

### D.  Brian Chestnut and the Law Firm

Brian Chestnut was appointed special prosecutor by the Tribe in

July 30, 2009. *ECF 6–Amended Complaint at 11.* As such, he was acting on the tribe's behalf in an official capacity and enjoys sovereign immunity. *Cook v. AVI Casino Enterprises, Inc.,* 548 F.3d 718, 727 (9th Cir. 2008)(tribal sovereign immunity extends to employees acting in their official capacity and within the scope of their authority).

## II. <u>CONCLUSION</u>

McLean has failed to state a federal claim for relief against the United States under the Federal Tort Claims Act and there is no basis for federal jurisdiction here as to claims against the Tribe and its officers and employees including Brian Chestnut and his law firm. These Defendants are entitled to sovereign immunity. The defects set forth above could not be cured by the allegation of other facts. As such, the Complaint is without merit and should be dismissed.

At all times during the pendency of these actions, McLean must immediately advise the Court of any change of address and its effective date. Failure to do so may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based on the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be dismissed and the Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

McLean may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

7

Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this the 25th day of November, 2014.

> /s/ *Carolyn S. Ostby*
> United States Magistrate Judge